UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THELMA JEAN RUPPEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:12CV2222 HEA |
| | ) |
| CAROLYN W. COLVIN,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's request for judicial review under 28 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401, et seq. For the reasons set forth below, the Court affirms the Commissioner's denial of Plaintiff's application.

### **Facts and Background**

Plaintiff was 52 years old at the time of the hearing on July 26, 2011. She was born in 1959. Plaintiff is married and lives with her husband and adult

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

daughter. Plaintiff completed high school. She does not have any other vocational training. Plaintiff was employed as an institutional cook for 16 years.

Plaintiff suffers from a hereditary disease known as Fuch's dystrophy which is related to vision loss. She also has congestive heart failure. Plaintiff testified that she is able to do light housework but has to take short breaks of about 20 minutes in order to accomplish all chores because she becomes tired and short of breath. Her daughter helps her with heavy lifting, vacuuming, and drives for her. The ALJ found Plaintiff had the following severe impairments: Fuch's dystrophy status post cornea transplant, congestive heart failure, and chronic obstructive pulmonary disease (20 CFR 404.1520 (c) ).

A vocational expert also testified. In response to the hypothetical question posed by the ALJ, the VE testified that there were jobs in the national economy that Plaintiff could perform.

**Standard For Determining Disability**

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not

only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); McCoy, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the

ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a)(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); McCoy, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. Id... At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); McCoy, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a

significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

**ALJ'S DECISION**

Applying the foregoing five-step analysis, the ALJ in this case determined at Step One that Plaintiff had met the insured status requirements of the Social Security Act through December 31, 2014 and that Plaintiff has not engaged in substantial gainful activity since May 5, 2009, the alleged onset date. At Step Two, the ALJ found that Plaintiff had the following severe impairments: Fuch's dystrophy status post cornea transplant, congestive heart failure, and chronic obstructive pulmonary disease. At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that met or equaled in severity of any impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 and 416.929.

Prior to Step Four, the ALJ found that Plaintiff had the residual functional capacity to perform light work except she needs a clean environment.

At Step Four, the ALJ determined that Plaintiff is not able to perform her past relevant work through the date last insured.

At Step Five, the ALJ found that, considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, pursuant to 20 CFR 404.1569 and 404.1569(a).

**Standard For Judicial Review**

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. Id. However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" Id. (quoting Gonzales v. Barnhart, 465 F.3d 890, 894 (8th Cir.2006)). "If, after

reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)). The Court should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).

## Discussion

In her appeal of the Commissioner's decision, Plaintiff makes the following arguments: (1) The ALJ failed to consider the combined effects of all the Plaintiff's impairments; (2) The ALJ posed an incomplete/improper hypothetical question to the vocational expert; (3) The ALJ improperly found that Plaintiff could perform light work.

## RFC

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. See 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); see also 20 C.F.R. § 404.1545; Social Security Ruling (SSR)

96–8p.  An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them.  The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints.  The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

(1) the claimant's daily activities;

(2) the subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) any precipitating or aggravating factors;

(4) the dosage, effectiveness, and side effects of any medication; and

(5) the claimant's functional restrictions.

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." Id. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. Id. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988).

**The ALJ failed to consider the combined effects of all the Plaintiff's impairments**

The record belies this point set forth by Plaintiff. The RFC was determined considering all of Plaintiff's impairments including non-severe impairments (Tr. 16). Here the ALJ discussed each impairment, including the non-severe impairments. An ALJ has sufficiently considered impairments in combination when he has separately discussed each impairment, the complaints of pain, and made a finding that Plaintiff's impairments did not prevent her from performing other work (Tr. 17-21). *See Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992).

The ALJ relied on Plaintiff's treating physician to determine her RFC (Tr. 21) and in so doing considered the medical opinion evidence of record. The opinion of Dr. Feeler, her treating physician and Dr. Deligonul were consistent with each other regarding limitations on the Plaintiff. The ALJ properly accorded little weight to Dr. Feeler's opinion as it was the duty of the ALJ to determine the incapacity or disability of the Plaintiff.

The substantial evidence of record also demonstrated that Plaintiff's impairments improved with treatment. This was clearly indicated through the medical records reviewed by the ALJ. Plaintiff 's alleged disability, in part, was based on vision problems. The ALJ properly reviewed the medical records and found that Plaintiff's cornea transplant improved her vision. Her congestive heart failure symptoms improved considerably with treatment. Plaintiff was initially diagnosed with a Class IV congestive heart failure, but with treatment her congestive heart failure improved to a Class I to II[1]. With the assistance of inhalers, Plaintiff's COPD was considered mild to moderate (Tr. 18, 350). She had a normal spirometry in July 2011 (Tr. 348-49, 353). Plaintiff's improvement with

---

[1] Class I is indicative of no limitation of physical activity and ordinary physical activity does not cause undue fatigue, palpitation, or dyspnea. Class II is indicative of a slight limitation of physical activity. The patient is comfortable at rest, but ordinary physical activity results in fatigue, palpitation, or dyspnea. *See* Heart Failure Society of America, NYHA Classification available at http://www.abouthf.org/questions_stages.htm (last visited October 12, 2012).

treatment did not support her subjective allegations of disabling impairments . This was all properly noted by the ALJ.

Consistent with *Polaski*, the ALJ found that Plaintiff's allegations of disabling impairments were not supported by the medical evidence. The medical records did not support the extent of Plaintiff's alleged limitations.

**The ALJ posed an incomplete/improper hypothetical question to the vocational expert**

The essence of Plaintiff's argument is that the ALJ improperly determined the RFC applicable to her. The Eighth Circuit has noted that the "point of the hypothetical question is to clearly present to the VE a set of limitations that mirror those of the claimant." *Rose v. Chater*, 92 F.3d 672, 676 (8th Cir. 1996), citing *Hogg v. Shalala*, 45 F.3d 276, 279 (8th Cir. 1995). A hypothetical question "must precisely describe a claimant's impairments so that the VE may accurately assess whether jobs exist for the claimant." *Newton v. Chater*, 92 F3d 688, 694-95 (8th Cir. 1996). Here the ALJ referenced the medical records available, the opinions of physicians, as well as the credible testimony of the Plaintiff in developing the hypothetical question for the vocational expert.

The ALJ Referenced the past relevant work of the Plaintiff, her current medical condition from the records of her surgery, assessments and treatments of her heart condition (Tr.p 21-24) and set forth credible limitations from the

testimony of Plaintiff that were consistent with the with the other credible evidence of record. This was based upon the substantial evidence of the record.

**The ALJ improperly found that Plaintiff could perform light work**

The court, consistent with its duty has reviewed the entirety of the record and has found that the ALJ incorporated into Plaintiff's RFC those credible impairments and restrictions, and found Plaintiff capable of a range of light work (Tr. 20). "It is the claimant's burden, and not the Social Security Commissioner's burden, to prove the claimant's RFC." *Pearsall*, 274 F.3d at 1217 (citing *Anderson*, 51 F.3d at 779). The vocational expert testified in response to a hypothetical question that incorporated the same limitations as the RFC, that such an individual could perform work as a house keeping cleaner, a cashier II, and a cafeteria attendant. The vocational expert also testified that an individual with 20/60 left eye vision and 20/80 right eye vision could still perform the same jobs. The ALJ was justified in relying on the vocational expert's testimony in finding Plaintiff not disabled . *See Nelson v. Sullivan*, 946 F.2d 1314, 1317 (8th Cir. 1991).

**Conclusion**

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 21st day of February, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE